| | |
|---|---|
| DENITHIA PENDERGRASS AND ALENA KELLEY, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| | ) CASE NO. 3:12-cv-01287 |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION |
| | ) |
| CITY GEAR, LLC, a.k.a. SHELMAR RETAIL PARTNERS, LLC, et al. | ) ) |
| | ) JUDGE CAMPBELL |
| Defendants. | ) MAG. JUDGE KNOWLES |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between City Gear, LLC ("City Gear") and Plaintiffs Denithia Pendergrass and Alena Kelley on behalf of themselves, the opt-in collective action Plaintiffs, and all other Settlement Class Members.

## I. DEFINITIONS

1. "Action" means the civil action entitled *Pendergrass, et al., Plaintiffs, vs. City Gear, LLC, et al., Defendants,* No. 3:12-cv-1387, pending in the U.S. District Court for the Middle District of Tennessee.

2. "Class" and "Class Members" mean all persons who have been employed by City Gear, formerly Shelmar Retail Partners, at any time from December 11, 2009 through December 11, 2012, as Store Managers and/or Assistant Manager. Class Members worked at stores with brand names including City Gear, Marty's, City Gear Premium, CGP, and The Vault. Employees who worked at Holliday's and Deveroes stores, although included in Plaintiffs' initial Complaint, are excluded from the Class as (a) they were not employed by City Gear and/or (b)

1

were never subject to the policies and practices alleged in this Action.

  3.  "Class Counsel" means David W. Sanford and Andrew Melzer of Sanford Heisler, LLP and David W. Garrison and Seth M. Hyatt of Barrett Johnston, LLC.

  4.  "Class Period" means December 11, 2009 through December 11, 2012.

  5.  "Class Representatives" means Named Plaintiffs Denithia Pendergrass and Alena Kelley.

  6.  "Court" means the U.S. District Court for the Middle District of Tennessee, Judge Todd J. Campbell.

  7.  "Defense Counsel" means Randall J. Fishman and C. Barry Ward of Ballin, Ballin & Fishman, P.C.

  8.  "Effective Date" means the date upon which all the following have occurred: (i) this Agreement has been fully executed; (ii) the Court has approved and entered a Section 216(b) approval order and Rule 23 Preliminary Approval Order in all material respects in the form of the attached Exhibit __ and authorized collective action and Rule 23(e) notice to the class; (iii) the Section 216(b) opt-in period and Rule 23 opt-out and objections period has expired; (iv) the Court has entered a Rule 23 Final Approval Order in all material respects in the form of the proposed order agreed upon by the parties and attached to Plaintiffs' motion for final approval; and (v) the Court's approval orders are confirmed upon the completion of appellate review or the time for appeal has expired.

  9.  "Final Approval Hearing" means the hearing to be conducted by the Court to determine whether to finally approve and implement the terms of this Settlement.

  10.  "Maximum Payment" will mean the gross sum of $1.9 million payable by Defendants pursuant to this Settlement.

2

11.　"Named Plaintiffs" means Denithia Pendergrass and Alena Kelley.

12.　"Opt-in Plaintiffs" means all individuals other than the Named Plaintiffs who have timely filed a notice of consent to join this action pursuant to Section 216(b) or who do so prior to the end of the opt-in period specified in the Court's preliminary approval order and in the Section 216(b) Notice to the Class.

13.　"Parties" means Named Plaintiffs and Class Representatives Alena Kelley and Denithia Pendergrass and well as City Gear, LLC and its predecessors, successors, affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, partners, owners, beneficiaries, heirs, and assigns.

14.　"Released Claims" means the claims released pursuant to this Agreement.

15.　"Released Parties" means City Gear, LLC as well as its predecessors, successors, affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, partners, owners, beneficiaries, heirs, and assigns.

16.　"Rule 23 Class Members" means Class Members who do not opt-out of the Class by timely returning a signed opt-out statement as described below.

17.　"Rule 23-Only Class Members" means Rule 23 Class Members who are not also Opt-in Plaintiffs.

18.　"Rule 23 Final Approval Order" means the order, in the form of the attached Exhibit ___, entered by the Court approving the terms of the Agreement with regard to the Rule 23 Class following submission to the Court of a Motion for Final Approval of Rule 23 Class Action Settlement.

19.　"Rule 23 Preliminary Approval Order" means the order, in the form of the attached Exhibit ___, entered by the Court approving the terms of the Agreement with regard to

the Rule 23 Class following submission to the Court of a Motion for Preliminary Approval of Rule 23 Class Action Settlement.

20.    "Rule 23 Notice" means the Notice of Proposed Class Action Settlement, which, following preliminary approval, the parties will mail to each Class Member, explaining the terms of the Settlement and their right to opt-out of the action.

21.    "Section 216(b) Notice" means the Collective Action Notice and Notice of Proposed Settlement, which, following the Court's approval of the Section 216(b) settlement, the parties will mail to each Class Member, explaining the terms of the Settlement and their right to opt-into the Section 216(b) action.

22.    The Rule 23 and Section 216(b) Notices will be combined into a single class and collective action settlement notice ("Notice"), attached as Exhibit ___ to this Stipulation, explaining the terms of the Settlement, the Class Members' rights and obligations under the Settlement, and the procedures by which to participate in or exclude themselves from the Settlement.

23.    "Settlement Share" is the share of the Settlement proceeds to which a Class Member is entitled if he or she opts into the Section 216(b) action and/or declines to opt out of the Rule 23 action.

## II. RECITALS

1.    On December 11, 2012, Plaintiffs commenced the Action against the Defendants. Plaintiffs alleged that they and the members of the Class were misclassified as exempt from the Fair Labor Standards Act ("FLSA") and not paid compensation for overtime hours they worked. Plaintiffs alleged that Defendants had a uniform policy and practice of taking prorated wage deductions whenever they or the Class Members failed to work a certain number of hours per

4

week. This practice defeated the salary-basis component of any potentially applicable exemptions and made Plaintiffs and the Class non-exempt, overtime-eligible employees. The Action alleged Plaintiffs were entitled to recovery of unpaid overtime and other relief, including liquidated damages, interest, attorney's fees, and costs.

2.    On December 20, 2012, Plaintiffs filed an Emergency Application for a Temporary Restraining Order (TRO) and Motion for a Preliminary Injunction. The Court granted in part and denied in part, the TRO on December 21, 2012.

3.    On January 18, 2013, Plaintiffs moved for conditional collective action certification under Section 216(b), authorization of notice to the class, and related relief. The motion has been placed on hold pending the parties' settlement. At the time of the execution of the settlement, there are currently ___ Opt-in Plaintiffs prior to the distribution of Section 216(b) Notice.

4.    On May 1-2, 2013, the parties conducted an arm's-length mediation before an experienced mediator, Lew Conner of Waller Lansden Dortch & Davis, LLP in Nashville, Tennessee. In advance of the mediation, the parties submitted and exchanged detailed written mediation statements with extensive exhibits, including competing expert analyses of the Class' damages. With mediator Conner's assistance, the parties negotiated in good faith over two full days and reached an agreement on the principal terms of a settlement – subject to the preparation and execution of a comprehensive written settlement agreement and approval of that agreement by the Court.

5.    In connection with the Complaint, TRO, conditional certification motion, and mediation and settlement process, the parties both conducted an in-depth investigation and analysis of Plaintiffs' claims as well as the suitability of these claims for class and collective

5

action treatment. Class Counsel has interviewed all 65 Opt-in Plaintiffs, as well as other employees, and received information pertaining to the entire Class. The parties exchanged substantial quantities of information and documents – including declarations, employment and payroll data, legal analyses, and expert damages calculations. The parties have a well-formed sense of the strengths and weakness of their respective positions.

6.     The settlement evidenced by this Agreement is the product of intense, hard-fought, arm's-length negotiations. Based on its independent investigation and evaluation and the informal pretrial discovery conducted by the parties, Class Counsel has recommended and the Named Plaintiffs and Class Representatives have concluded that the terms and conditions of the Agreement are fair, reasonable, and adequate to the Class. Further, the Agreement is within the best interests of the class members in light of all the known facts and circumstances including Defendants' financial situation and the risk of significant delay. Defendants agree that the Agreement is fair, reasonable, and adequate.

## III.     TERMS OF SETTLEMENT

1.     <u>Certification of Section 216(b) collective action class and dissemination of Section 216(b) Notice.</u>  For purposes of this Settlement only, the parties agree to final certification of a Section 216(b) opt-in class on the Plaintiffs' FLSA claims. The parties agree that Plaintiffs and the Class Members are similarly-situated under Section 216(b) for settlement purposes. Following the Court's approval of the Section 216(b) settlement, the parties will distribute the Section 216(b) Notice to the Class Members so that they may opt-into the FLSA action and participate in the Settlement.

2.     <u>Certification of Rule 23 Class.</u>  For purposes of this Settlement only, the parties agree that a class of individuals may be certified under Rule 23(b)(3), Federal Rules of Civil

6

Procedure, with respect to the state-law and common law claims asserted in the Action, including Plaintiffs' claims under Tenn. Code Ann. § 50-2-101 and the common law of unjust enrichment. If for any reason the Settlement is not approved, this stipulation for class certification will automatically become null and void and will have no force or effect, and the Parties will be restored to their positions before this Settlement was reached, and this stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

3. **Procedure in the Event the Court Declines to Certify a Rule 23 Class or Approve a Rule 23 Settlement.** If the Court declines to certify a Rule 23 class or approve a Rule 23 settlement, the parties will seek approval of a Section 216(b)-only settlement. None of the other terms of the Agreement, including the amount, structure, and allocation of the Maximum Payment will change.

4. **Maximum Payment.** The Maximum Payment that Defendants are responsible for paying under this Settlement is one million nine hundred thousand Dollars ($1,900,000). From this amount, the following payments will be made, subject to Court approval: (1) Class Members' Settlement Shares; (2) service payments to the Class Representatives and other Plaintiffs who are designated below to receive such payments; and (3) Class Counsel's reasonable attorneys' fees (in the amount of one-third of the Maximum Payment) and expenses.

5. **Structure of Payments.** Defendants are to pay $1,000,000 into the settlement fund within 15 days of the effective date. All service payments are to be made out of this initial fund. Defendants are to pay the remaining $900,000 into the settlement fund on or before March 15, 2014 or within 60 days of final approval, whichever is later. Other than service payments, all remaining distributions from the settlement funds – including Settlement Shares and attorney's fees and costs – are to be paid on a *pro rata* basis between the two settlement installments.

7

6. **Calculation of Settlement Shares and Related Matters.**

      a.    **Calculation of Settlement Shares.** After deducting from the Maximum Payment the amount sufficient to cover the service payments and Class Counsel's attorneys' fees and expenses, the balance of the Maximum Payment (the "Net Settlement Amount") will be allocated to Class Members as their Settlement Shares. The Settlement Shares will be calculated by Class Counsel on a *pro rata* basis tied to individual damages calculations performed for each Class Member. The calculations will be based on Defendants' employment data, including time and payroll records. This data includes the number of overtime hours worked by each Class Member during the class period and their individual rates of pay. To account for the availability of liquidated damages under the FLSA, the risk Opt-in Plaintiffs have taken by joining the Action, and the relative strength of the claims, Settlement Shares between the Opt-in Plaintiffs and Rule 23-Only Class Members will be calculated at a ratio of 2 to 1. Settlement Shares will be calculated after final approval of the settlement. Accordingly, (1) individual damages calculations will be performed; (2) in accordance with these calculations, each Class Member will be designated a *pro rata* share of the available settlement funds after deduction of attorney's fees and costs and service payments; and (3) a 2:1 ratio will be applied between Opt-In Plaintiffs and Rule 23-Only Class Members.

      The statute of limitations on each Opt-in Plaintiff's FLSA claim will be tolled from the filing of this action until the end of the opt-in period, and the allocation of Settlement Shares will not be dependent on their opt-in dates.

      b.    **Tax Allocation and Benefits.** Of each Opt-in Plaintiff's Settlement Share, 50% will be allocated as payment in settlement of the Class Member's disputed claims for wages and will be subject to IRS Form W-2 reporting. Therefore, appropriate payroll taxes, all

8

employer matching FICA taxes, and withholdings will be deducted pursuant to federal, state and/or local law and remitted to the taxing authorities. The remaining 50% of the Settlement Share will be allocated as payment in settlement of the Opt-in Plaintiff's disputed claims for liquidated damages. Opt-in Plaintiffs will be issued an IRS Form 1099 for that portion of the payments, and no payroll or tax withholding will be made from these payments. 100% of each Rule 23-Only Class Member's settlement share will be treated as wages and subject to W-2 reporting and withholding.

Class Members will be responsible for correctly reporting the settlement payments for tax purposes and paying any taxes owing on said amounts. The Plaintiffs and Class Members acknowledge and agree that Defendants have not provided any tax advice regarding this Settlement.

c.  **Reversion.** The Settlement Share attributable to any Class Member who opts out of the Rule 23 Settlement will revert to Defendants, and no other Class Member will have any claim to that Settlement Share.

In the event that the Court declines to approve a Rule 23 settlement and the parties proceed with a Section 216(b) only settlement, there will be no ratio between the Settlement Shares of the Class Members. The Settlement Share of any Class Member who does not opt into the Section 216(b) action will revert to Defendants, and no other Class Member will have any claim to that Settlement Share.

7.  **Service Payments.** Subject to Court approval, Defendants agree to pay each of the Class Representatives and other designated Opt-in Plaintiffs service payments in the following amounts. These amounts are to be paid from the first installment of the Maximum Payment, in recognition of the recipients' service to the Action and to the Class, and are in

9

addition to their Settlement Shares. Defendants will not oppose Plaintiffs' application to the Court for service payments in these or substantially similar amounts. The service payments will be reported to the IRS by means of an IRS Form 1099. The Class Representatives and other service payment recipients acknowledge and agree that Defendants have not provided any tax advice regarding the service payments.

| Name | Amount |
|---|---|
| Alena Kelley | $20,000 |
| Denithia Pendergrass | $10,000 |
| Tiffany Dailey | $10,000 |
| Raishena Banks | $10,000 |
| Gabrielle Coleman | $5,000 |
| Bency Moise | $3,000 |
| Gretel Pittman | $3,000 |
| Kandace Turner | $3,000 |
| Toyella Westbrooks | $3,000 |
| Aheisha Harvey | $3,000 |

8. **Attorneys' Fees and Costs.** Plaintiffs will request, and Defendants will not oppose, an award of Class Counsel's attorneys' fees of up to one-third of the Maximum Payment to compensate Class Counsel for all of the work already performed in this case and all work remaining to be performed in documenting the Settlement, securing District Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly administered and implemented, and obtaining dismissal of the Action. In addition, Class Counsel will seek, and Defendants will not oppose, an award of its reasonable litigation costs and expenses out of the Maximum Payment. Any reduction by the District Court in the attorneys' fees and expenses awarded to Class Counsel will not be a basis for rendering the entire Settlement voidable or

10

unenforceable. Attorneys' fees and expenses will be reported to the taxing authorities by means of an IRS Form 1099 issued to Class Counsel.

9. **Non-Monetary Benefits of Settlement.** Without conceding liability, Defendants have changed the policies and practices alleged in this litigation. City Gear represents that it has not taken any *pro rata* wage deductions from class members since the commencement of this suit. Defendants remain committed to following the law in all respects and will take active and vigorous steps to ensure future compliance with all federal and state wage and hour provisions and related common law principles.

City Gear has adopted or is in the process of adopting revised pay policies (attached as Ex. __ hereto), under which Store Managers and Assistant Managers will be treated as non-exempt, hourly workers and paid time-and-a-half overtime for hours over 40 worked in a particular week. Bonus payouts will be considered part of their "regular rate" for purposes of calculating overtime and Store Managers and Assistant Managers will receive retroactive overtime adjustments at the time of their bonuses. Class counsel is of the opinion that the revised policies comport with the FLSA in all respects.

10. **Distributions to Class Members.**

a. **Notices.** Within 15 days of preliminary approval of the settlement, Section 216(b) Notice and Rule 23 Notice, together the class Notice, will be sent to the Class Members. Class members shall have sixty (60) days after the mailing of the Notice to return their Election Forms. Class members who have not opted-in to the FLSA action by that deadline will not be part of the FLSA settlement; class members who have not opted out of the Rule 23 class by that deadline will be included in the Rule 23 settlement. Prior to the end of the opt-in/opt-out period, the parties may elect to send a reminder notice to the Class.

11

b. **Payment Schedule.** Within 15 days of the Effective Date, Defendants are to pay the initial settlement installment of $1,000,000 into the settlement fund. Within 30 days of the Effective Date, service payments and the *pro rata* shares of the Settlement Shares and attorney's fees and costs are to be paid out of the fund. On or before March 15, 2014 or within 60 days of final approval, whichever is later, Defendants shall pay the remaining $900,000 into the fund. Pro rata shares of the second settlement installment shall be paid within 30 days of the second payment. Any funds not distributed to the Class and to Class Counsel by September 15, 2014 or by six months following the Effective Date – whichever is later -- shall be reverted to Defendants.

11. **Confidentiality and Non-Disparagement.**

a. **Confidentiality.** The parties and their counsel will keep the terms of this Agreement and all settlement negotiations confidential from all people other than Class Members, spouses, attorneys, tax and financial advisors, and the Court.

b. **Non-Disparagement.** The parties will not disparage each other in reference to this action and the facts and allegations of this action. Further, the parties will not disparage each other in and among themselves regarding this action.

c. **Enforcement.** Judge Campbell shall retain jurisdiction to enforce the confidentiality and non-disparagement provisions of this Agreement. A party who believes that an opposing party has violated these provisions may bring its allegations before Judge Campbell and the other party shall have the opportunity to respond. In his discretion, Judge Campbell may hold an evidentiary hearing on the allegations. Should Defendants prove to Judge Campbell's satisfaction that a Plaintiff or Class Member has violated these provisions without substantial justification, Plaintiff or Class Member shall be required to return his or her Settlement Share

12

minus any taxes that the Plaintiff or Class Member has paid on that share. Should Plaintiffs or the Class Members prove to Judge Campbell's satisfaction that City Gear – including its owners, executives, officers, directors, Regional Managers, District Managers, Human Resources personnel, and any other individuals with managerial and supervisory authority over Plaintiffs or Class Members ("ownership and management") – have violated these provisions, Judge Campbell may order sanctions as appropriate, including but not limited to monetary sanctions, or any other relief at his discretion.

12.     **Retaliation, Harassment, and Entrapment.**

      a.     **Retaliation.**  City Gear and its ownership and management shall not terminate, harass, intimidate, or otherwise discriminate or retaliate against any of the Plaintiffs or Class Members for their participation or involvement in this Action and/or for choosing whether or not to participate in this Settlement. City Gear is committed not to retaliate against Plaintiff or the Class Members in any form; will aggressively pursue reports of retaliation, intimidation, or harassment; will fully discipline any offending parties; and will fully remedy any retaliatory discipline or other harassment, intimidation, or discrimination suffered by Plaintiffs or the Class Members. City Gear and its ownership and management remain free to exercise their independent business judgment on any material violation of company policy and act in accordance with the same, provided however that any discipline must be issued in an even-handed and non-discriminatory manner. City Gear will in no way, shape, or form single out Plaintiffs or Class Members for discipline, including but not limited to harsher discipline than typically issued for similar offenses or than issued to other employees in comparable circumstances.

      b.     **Discouragement.**  City Gear and its ownership and management shall not

13

do anything to deter, discourage, intimate, or otherwise prevent Class Members from opting into this Action or from participating in the Settlement or to encourage, solicit, or assist Class Members to exclude themselves from the Settlement. City Gear and its ownership and management shall not engage in any conduct, either directly or indirectly, to increase the amount of funds reverting to the Company under the terms of this Agreement. If Plaintiffs or Class Members inquire about the Action or Settlement, City Gear is permitted to confirm the existence of a proposed settlement and to direct their inquiries to Class Counsel.

      c.    **Inducement.** City Gear, including its ownership and management, shall not do anything to induce or entrap any of the Plaintiffs or Class Members into violating the confidentiality and non-disparagement provisions of this Agreement. If it is demonstrated that a Plaintiff or Class Member who has violated these provisions was induced or entrapped by the Company, that Plaintiff or Class Member shall not forfeit his or her Settlement Share and Judge Campbell may award additional sanctions against City Gear as appropriate, including those specified in part (d) below.

      d.    **Enforcement.** Judge Campbell shall retain jurisdiction to enforce the provisions of Section III(12) of this Agreement. A Plaintiff or Class Member who believes that he or she has experienced unlawful retaliation may bring his or her dispute before Judge Campbell in accordance with the procedure specified in Section III(11) of this Agreement or may pursue a separate and independent action for retaliation in any court in which such a claim may otherwise be brought. Should one or more Plaintiffs or Class Members prove to Judge Campbell's satisfaction that City Gear, including its ownership and management, have violated any of the prohibitions of this Section, Judge Campbell may award appropriately, relief at his discretion including but not limited to those sanctions and penalties provided by the FLSA (29

14

U.S.C. §§ 215 and 216), other statutory and common law, and the Court's inherent powers.

Furthermore, any such violation shall be considered a material breach of this Agreement. In addition to all other sanctions, if Judge Campbell finds that Defendants have violated the provisions of this section on more than one occasion, Plaintiffs and the Class shall have the unilateral right to declare this Agreement null and void and to reinstate the Action. The statute of limitations shall be tolled on all Plaintiffs' and class members' claims for the period from the execution of this Agreement until the Action is reinstated. In the event that Plaintiffs and the Class exercise the right to declare this Agreement void, payments already made to Plaintiffs and the Class under the Settlement shall not revert to Defendants; however, they will be counted against any ultimate recovery in the Action that is in excess of the Maximum Payment.

## IV. MOTION FOR PRELIMINARY APPROVAL

Promptly upon the execution of this Settlement, the Parties will file a joint motion for preliminary approval of the Settlement, applying to the Court for the entry of an order: (a) certifying the Section 216(b) and Rule 23 classes for settlement purposes; (b) approving the Section 216(b) settlement and preliminarily approving the Rule 23 Settlement; (c) appointing David Sanford and Andrew Melzer of Sanford Heisler, LLP and David Garrison and Seth M. Hyatt of Barrett Johnston, LLC as Class Counsel and Denithia Pendergrass and Alena Kelley as Class Representatives; (d) scheduling a final fairness hearing on the question of whether the proposed Rule 23 Settlement should be approved as fair, reasonable, and adequate as to the Rule 23 Class; (e) approving as to form and content the proposed Section 216(b) and Rule 23 Notice to the Class; (f) approving as to form and content the proposed Section 216(b) Opt-in Form and Rule 23 Exclusion Form; and (g) directing the mailing of the Notice, the Opt-in Form, and the Exclusion Form.

15

## V. NOTICE TO THE CLASS

1.      As specified above, following the Court's entry of its Order approving the Section 216(b) settlement and preliminarily approving the Rule 23 settlement, the parties will promptly send the Notice to the Class.  To the extent it has not already done so Defendants will provide to Class Counsel the names, last known addresses, and Social Security numbers of the Class Members.  Class Counsel will mail the Notice to the Class in the same form as Exhibit ____, subject to the Court's approval.

2.      The parties will use all standard skip-tracing devices to obtain forwarding addresses and forward returned mail to ensure that the Notices are sent to all Class Members. With respect to returned Notices, the parties will use reasonable diligence to obtain a current address and re-mail the envelope to such address within ten (10) calendar days of the receipt of the returned envelope.

3.      All Class Members who opt into the Section 216(b) settlement and/or decline to opt out of the Rule 23 settlement will receive their designated Settlement Shares without having to undergo a claims process.

4.      Class Members shall have sixty (60) days after the Notice is mailed to return their Election Forms in the form attached to the Notice or to file Consent to Join forms with the Court. Election Forms may be returned by fax, email, or other method; if returned by mail, they must be postmarked by 60 days after the Notice is mailed.

## VI. OBJECTIONS TO THE SETTLEMENT

Rule 23 Class Members who wish to object to the Settlement must submit to Class Counsel or the Court, not later than sixty (60) days after the mailing of Rule 23 Notice, a written statement objecting to the Settlement and setting forth the grounds for the objection.  This

16

statement also must indicate whether the Class Member intends to appear and object to the Settlement at the Final Approval Hearing, and if so, the Class Member must also file a separate Notice of Appearance with the Court and serve it on Class Counsel not later than sixty (60) days after the Rule 23 Notice is mailed. The failure to so indicate will constitute a waiver of the right to appear at the hearing, unless the Court rules otherwise. A Class Member who does not submit an objection in the manner and by the deadline specified above will be deemed to have waived all objections and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise, absent a contrary order of the Court.

## VII. REQUESTS TO BE EXCLUDED FROM SETTLEMENT

Rule 23 Class Members who wish to exclude themselves from the Settlement ("opt out" of the Settlement) must submit to Class Counsel, not later than sixty (60) days after the date that the Rule 23 Notice is mailed (or re-mailed if the original mailing is returned due to inaccurate address information), a completed Election Form (Exhibit __) specifying that they choose to be excluded from the lawsuit. Election Forms may be submitted in the manner described above. If the Court approves the Settlement, a Class Member who does not complete and submit a timely Election Form opting out of the action in the manner and by the deadline specified above will receive his or her designated Settlement Share and will be bound by all terms and conditions of the Settlement and by the Judgment. A Class Member who timely submits an Election Form excluding himself or herself from the Settlement will not participate in, or be bound by, the Settlement or the Judgment in any respect. Class Members who exclude themselves from the Settlement will not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

## VIII. ADDITIONAL BRIEFING AND FINAL APPROVAL

17

1.     As soon as practicable following the deadline for the filing of claims, the Parties will jointly file with the Court a motion for final approval of the Settlement and a memorandum in support of their motion.  Plaintiffs and Class Counsel may as part of the application move for an award of the Service Payments and Class Counsel's attorneys' fees and expenses, which Defendants will not oppose provided it complies with the provisions above.

2.     Not later than five (5) court days before the Final Approval Hearing, the Parties may file, jointly or separately, a reply in support of their motion for final approval of the Settlement, in the event any opposition to the motion for final approval has been filed.  Likewise, Plaintiffs and Class Counsel may file replies in support of their motions for the service payments to the Class Representatives and Other Service Payment Recipients, and Class Counsel's attorneys' fees and expenses, in the event any opposition to their motion for such payments, fees, and/or expenses has been filed.

3.     Upon filing their motion for final approval of the Settlement, the Parties will submit proposed orders:

a.     approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.     approving the service payments to the Class Representatives and Other Service Payment Recipients and Class Counsel's attorneys' fees and expenses;

c.     dismissing this Action on the merits and with prejudice with regard to the Class and without prejudice with regard to other employees for whom relief was sought in Plaintiffs' original collective action Complaint but who are not included within the Class as defined in this Agreement;  and

d.     permanently enjoining the Class Representatives and all Class Members

18

(other than those who timely submitted Exclusion Forms) from prosecuting against the Released Parties any and all of the released claims.

4.      After entry of the orders described in the previous paragraph, the Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of enforcing the Settlement, addressing settlement administration matters, adjudicating the claims described in parts III(11) and (12) above, and addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

## IX. RELEASE OF CLAIMS

1.      <u>**Claims Released by Class Representatives and Other Class Members.**</u> Upon the Court's final approval of the Settlement, the Class Representatives and Class Members other Opt-in Plaintiffs (other than those who timely submitted Exclusion Forms) hereby fully and finally release and discharge Defendants, their present and former parents, subsidiaries, and affiliated companies, and their respective present and former officers, directors, employees, partners, shareholders, and agents (collectively, "the Released Parties"), from all wage and hour or related claims they may have against the Released Parties as alleged in Plaintiffs' Complaint or arising from the same factual predicate of not having not been paid overtime wages owed during the class period, whether arising under the federal FLSA; Tennessee wage and hour law; the wage and hour laws of other states; or common law contract or tort law, including but not limited to breach of contract and unjust enrichment; provided, however, (i) that Rule 23-Only Class Members do not release their claims under the FLSA and shall receive a reduced Settlement Share pursuant to the provisions set forth above; and (ii) Opt-in Plaintiffs who exclude themselves from the Rule 23 Class release only their FLSA claims and do not release any state law or common law claims they may have against the Released Parties.

19

2.     The parties do not anticipate that there will be any Opt-in Plaintiffs who submit Exclusion Forms to opt-out of the Rule 23 Class. In the event that such a situation arises, the parties will discuss the possibility of implementing an additional formula or ratio to reduce the Settlement Shares of Opt-in Plaintiffs who exclude themselves from the Rule 23 Class and to increase the shares of other Class Members accordingly.

## X.     EFFECT OF DENIAL OF COURT APPROVAL

Except as provided in above, if the Court does not grant final approval of the Settlement or if the Court's final approval of the Settlement is reversed or materially modified on appellate review, and that court's decision is not completely reversed and approval of the Settlement is not fully affirmed on review by a higher court, then this Settlement will become null and void. In such case, the Settlement will not be used or be admissible in any subsequent proceedings, either in this Court or in any other court or forum.

## XI.     PARTIES' AUTHORITY

The respective signatories to the Settlement warrant and represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## XII.     MUTUAL FULL COOPERATION

1.     Class Counsel and Counsel for Defendants warrant and represent that they are authorized by their clients, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.

2.     The Parties will cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to executing such documents and taking such other actions

20

as may reasonably be necessary to implement the terms of the Settlement. The Parties will use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of the Settlement.

3.    Any dispute concerning the interpretation or implementation of this Settlement Agreement will be resolved by the Court. Prior to any such resort to the District Court, counsel for the Parties will confer in good faith to resolve the dispute. Except as otherwise specified in this Agreement, if the parties are unable to resolve the dispute themselves, the dispute will be submitted to Lew Conner for mediation before being submitted to the Court, unless the Parties agree otherwise.

## XIII.  NO PRIOR ASSIGNMENTS

The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## XIV.  NO ADMISSION OF LIABILITY

Nothing contained in this Settlement will be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. The Agreement is entered into solely for the purpose of compromising disputed claims. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation, and the attendant inconvenience and expense. This Settlement will be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XV.  FAIR, ADEQUATE, AND REASONABLE SETTLEMENT

21

The Parties agree that the Settlement is fair, adequate, and reasonable in all respects, and will so represent it to the Court. In addition, the Parties may request that mediator Lew Conner execute a declaration supporting the Settlement, and the District Court may, in its discretion, contact Mr. Conner to discuss the Settlement and whether or not the Settlement is fair and reasonable.

## XVI.  NOTICES

Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder will be in writing and will be deemed to have been duly given as of the third business day after mailing by United States first-class mail, return receipt requested, addressed as follows:

    a.    <u>To the Class</u>:

        Andrew Melzer
        SANFORD WITTELS & HEISLER, LLP
        1350 Avenue of the Americas, 31st Floor
        New York, NY 10022

        David Garrison
        BARRETT JOHNSTON, LLC
        217 Second Ave North
        Nashville, TN 37201

    b.    <u>To Defendants</u>:

        Randall J. Fishman
        C. Barry Ward
        BALLIN, BALLIN & FISHMAN, P.C.
        200 Jefferson Ave., Suite 1250
        Memphis, TN 38103

## XVII.  CONSTRUCTION

The terms and conditions of this Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties. This Settlement will not be construed in favor of or

22

against any Party by reason of the extent to which any Party or his, her, or its counsel participated in its drafting.

## XVIII. CAPTIONS AND INTERPRETATIONS

Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.

## XIX. MODIFICATION

This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XX. INTEGRATION CLAUSE

This Settlement contains the entire agreement between the Parties relating to the resolution of the Action. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, including but not limited to the Memorandum of Understanding signed at the mediation, are merged in this Joint Stipulation. No rights under this Joint Stipulation may be waived except in writing.

## XXI. BINDING ON ASSIGNS

This Settlement will be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXII. CLASS COUNSEL SIGNATORIES

Because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Settlement. The Section 216(b) and Rule 23 Notices will

23

inform all Class Members of the terms of the Settlement and the binding nature of the release. Except as set forth above, this Settlement will have the same force and effect as if it were executed by each Opt-in Plaintiff and by each Rule 23 Class Member who does not opt out of the Rule 23 Class.

## XXIII. COOPERATION IN DRAFTING

The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

## XXIV. COUNTERPARTS

This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Settlement, which will be binding upon and effective as to all Parties.

## XXV. WAIVER OF APPEALS

The Parties waive all appeals from the Court's final approval of this Settlement, unless the Court materially modifies the Settlement; provided, however, that Plaintiffs may appeal any reduction in the award of attorneys' fees and expenses (in such case this Settlement will not be Final until after the ultimate disposition of such appeal). Any reduction in the award of service payments to the Class Representatives and Other Service Payment Recipients or Class Counsel's attorneys' fees and expenses will not, however, constitute a material modification of the Settlement and will not be grounds to void the Settlement.

## XXVI. NO TAX ADVICE

Neither Class Counsel nor defense counsel intend anything contained herein to constitute

24

legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated: October 3, 2013.        DENITHIA PENDERGRASS

Dated: October \_\_\_, 2013.       ALENA KELLEY

Dated: October \_\_\_, 2013.       DAVID SANFORD
                        SANFORD HEISLER, LLP

                        Attorneys for Plaintiffs and the Settlement Class

Dated: October\_\_\_, 2013.        CITY GEAR, LLC

                        By: _____

Dated: October \_\_\_, 2013.       RANDALL FISHMAN
                        BALLIN, BALLIN & FISHMAN, P.C.

                        Attorneys for Defendants

25

legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated: October ___, 2013.          DENITHIA PENDERGRASS

_____

Dated: October 02, 2013.          ALENA KELLEY

Dated: October ___, 2013.          DAVID SANFORD
                                    SANFORD HEISLER, LLP

                                    Attorneys for Plaintiffs and the Settlement Class

_____

Dated: October ___, 2013.          CITY GEAR, LLC

                                    By: _____

Dated: October ___, 2013.          RANDALL FISHMAN
                                    BALLIN, BALLIN & FISHMAN, P.C.

                                    Attorneys for Defendants

_____

25

legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated: October ___, 2013.            DENITHIA PENDERGRASS

                                      _____

Dated: October ___, 2013.            ALENA KELLEY

                                      _____

Dated: October _I_, 2013.            DAVID SANFORD
                                      SANFORD HEISLER, LLP

                                      Attorneys for Plaintiffs and the Settlement Class

                                      _David Sanford /by AM_
                                      _Andrew Melzer_

Dated: October___, 2013.             CITY GEAR, LLC

                                      By: _____

Dated: October ___, 2013.            RANDALL FISHMAN
                                      BALLIN, BALLIN & FISHMAN, P.C.

                                      Attorneys for Defendants

                                      _____

25

legal or other advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Dated: October ___, 2013.                 DENITHIA PENDERGRASS

                                           _____

Dated: October ___, 2013.                 ALENA KELLEY

                                           _____

Dated: October ___, 2013.                 DAVID SANFORD
                                           SANFORD HEISLER, LLP

                                           Attorneys for Plaintiffs and the Settlement Class

                                           _____

Dated: October 8, 2013.                    CITY GEAR, LLC

                                           By: _____

Dated: October 8, 2013.                    RANDALL FISHMAN
                                           BALLIN, BALLIN & FISHMAN, P.C.

                                           Attorneys for Defendants

                                           _____

25