UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

DENITHIA PENDERGRASS AND ALENA )
KELLEY, Individually and On Behalf of All )
Others Similarly Situated, )
) CASE NO. 3:12-cv-01287
        *Plaintiffs*, )
v. ) CIVIL ACTION
)
CITY GEAR, LLC, a.k.a. SHELMAR RETAIL ) JURY TRIAL DEMANDED
PARTNERS, LLC, et al. )
) JUDGE CAMPBELL
        *Defendants*. ) MAG. JUDGE KNOWLES
)

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Upon consideration of the Plaintiffs' unopposed Motion for Preliminary Approval of Settlement, under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), and upon the Court's review of the Settlement Agreement and exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

    1.    The Court preliminarily approves the Settlement Agreement as being fair, reasonable and adequate, subject to the right of Class Members to challenge the fairness, reasonableness, or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case and all released claims and awarding attorneys' fees and expenses to Class Counsel, should not be entered following a Final Fairness Hearing.

    2.    The Class is certified for settlement purposes pursuant to Federal Rules of Civil Procedure 23(b)(3) and the FLSA as follows:

> All Store Managers and Assistant Managers employed by City Gear, Shelmar, and/or their retail stores from December 11, 2009 through December 11, 2012 – who worked at stores including, but not limited to, City Gear, Marty's, CGP, and The Vault but not including Deveroes.

1

The FLSA collective action class will consist of members of the foregoing class who timely opted into this action or who opt in pursuant to the Settlement Agreement by filing consents to join with the Court, whether in the form of the Election Form to be sent with the class Notice or otherwise.

3. The parties agree for settlement purposes that employees at Holliday's and Deveroes stores were never subject to the practices alleged in this action. The parties further agree for settlement purposes that Holliday's employees were not employed by City Gear or its predecessors at any time and that City Gear and Holliday's are legally separate and distinct. Based upon the parties' representations, the Court finds it reasonable not to include Holliday's and Deveroes employees in the settlement class.

4. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints as Class Counsel David Sanford and Andrew Melzer of SANFORD HEISLER, LLP and David Garrison of BARRETT JOHNSTON, LLC to represent the Settlement Class for purposes of the Settlement. The Court also appoints Denithia Pendergrass and Alena Kelley as Settlement Class Representatives.

5. The Court hereby approves the substance, form and manner of the Notice of Proposed Class and Collective Action Settlement. The parties are directed to mail the Notice pursuant to the Settlement Agreement, no later than twenty (20) days after receipt of Class Member information from Defendants or entry of this Order, whichever date is later, to the extent practicable.

6. Based on the deadlines set forth in the Settlement Agreement, a Final Fairness hearing shall be held at NOON on [Jan. 17,] 2014 at the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203, before the Honorable Todd Campbell, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the FLSA and whether this action

2

should be dismissed pursuant to the Settlement.

7. Counsel for both parties shall jointly file a proposed Final Order and Judgment in support of Final Approval of the Settlement Agreement immediately following the Final Fairness Hearing.

8. Class Members shall be bound by the judgments in this case unless they exclude themselves from the Settlement in accordance with the terms of the Settlement Agreement. A settlement Class Member wishing to request exclusion shall do so by sending a completed Exclusion Form by mail, postmarked no later than sixty (60) days after Notice is first mailed (or re-mailed if the original mailing is returned due to inaccurate address information). The Exclusion Form must be personally signed by the settlement Class Member who seeks to opt out. The request for exclusion shall not be effective unless it is fully executed and returned within the time stated above.

9. The Court will consider objections to the Settlement if such written objections are permitted under the Settlement Agreement and submitted in a timely manner -- postmarked (if mailed), emailed, or faxed no later than sixty (60) days after Notice is first mailed (or re-mailed if the original mailing is returned due to inaccurate address information). Any objection must detail the specific reason for the objection as set forth the Settlement Agreement and must indicate if the Class Member intends to object at the Final Approval Hearing. If the Class Member intends to be represented by his or her own counsel at the Final Approval Hearing, that counsel must also file a separate Notice of Appearance with the Court and serve it not later than sixty (60) days after the Notice is mailed. Class Members who fail to submit objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement Agreement.

10. The Court orders that, pending Final Approval, each member of the Settlement Class is preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or

3

Case 3:12-cv-01287  Document 114  Filed 10/15/13  Page 3 of 4 PageID #: 891

seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with this Settlement Agreement.

11. As of the date hereof, all proceedings in this case are stayed until further order of this Court, except as may be necessary to implement the Settlement Agreement.

IT IS SO ORDERED, this 15 day of Oct., 2013

Todd Campbell
HONORABLE TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF TENNESSEE