IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DENITHIA PENDERGRASS, et al. | ) |
| | ) |
| v. | ) NO. 3-12-1287 |
| | ) JUDGE CAMPBELL |
| CITY GEAR, LLC, et al. | ) |

ORDER

Pending before the Court is Plaintiffs' Unopposed Motion for Final Approval of Settlement and Related Relief (Docket No. 124). A Final Fairness Hearing in this matter is scheduled for Friday, January 17, 2014. For the reasons stated herein, the Final Fairness Hearing is CONTINUED until Friday, March 14, 2014, at 10:00 a.m.

This action was filed on December 11, 2012, as a Collective Action pursuant to the Fair Labor Standards Act ("FLSA"). Docket No.1. Plaintiffs' single Claim for Relief was a federal claim, failure to pay required overtime under the FLSA. *Id*.

On October 14, 2013, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and Related Relief (Docket No. 111). In support of that Motion, Plaintiffs filed the Declaration of Andrew Melzer (Docket No. 113), in which Mr. Melzer stated: "For settlement purposes, Defendants have agreed to certification of the class in this case under Federal Rule of Civil Procedure 23(b)(3) and certification of a collective action under Section 216(b) of the Fair Labor Standards Act." Docket No. 113, ¶ 20.

Although a *proposed* Amended Class and Collective Action Complaint was filed as an Exhibit to Mr. Melzer's Declaration (Docket No. 113-3), that Amended Class and Collective Action Complaint was never filed as a separate document in this case. The proposed Amended Class and

Collective Action Complaint sets forth three alleged Claims for Relief: (1) failure to pay required overtime under the FLSA, (2) violation of Tennessee Code Annotated § 50-2-101(b), and (3) a state law claim for unjust enrichment. Docket No. 113-3. These claims arise from the same factual allegations. *Id*.

The Court's Order Preliminarily Approving Settlement (Docket No. 114) certifies a class for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and the FLSA. The class is identical for both Rule 23 and the FLSA.

On or before February 14, 2014, the parties shall file briefs on the issue of whether the Fair Labor Standards Act preempts Plaintiffs' state law claims for statutory violations and unjust enrichment and, how, if at all, this issue affects the Rule 23 and final fairness analyses. *See, e.g., Ramirez v. Gromitsaris*, 2013 WL 2455966 (D. N.J. June 3, 2013); *Taylor v. Trojan Labor of Nashville, LLC.*, 2013 WL 1826450 (M.D. Tenn. April 30, 2013); *Woodall v. DSI Renal, Inc.*, 2012 WL 1038626 (W.D. Tenn. March 27, 2012); *Pacheco v. Boar's Head Provisions Co., Inc.*, 2010 WL 1323785 (W.D. Mich. March 30, 2010).

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE