UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DENITHIA PENDERGRASS AND ALENA KELLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CITY GEAR, LLC, a.k.a. SHELMAR RETAIL PARTNERS, LLC; SHELMAR RETAIL PARTNERS, INC.; SHELMAR, INC.; MARTY'S LLC; MARTY'S INC.; HOLLIDAY'S FASHIONS; ANDHOLLIDAY'S GENERAL SERVICE CORP.<br><br>    *Defendants*. | CASE NO. 3:12-cv-01287<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>JUDGE CAMPBELL<br>MAG. JUDGE KNOWLES |

## PLAINTIFFS' SUPPLEMENTAL BRIEF

Pursuant to this Court's Order of January 15, 2013 (Doc. No. 129), Plaintiffs submit this provisional supplemental brief on the issue of "whether the Fair Labor Standards Act preempts Plaintiffs' state law claims for statutory violations and unjust enrichment and, how, if at all, this issue affects the Rule 23 and final fairness analysis." (*Id.* at 2). As the following analysis shows, the Fair Labor Standards Act ("FLSA") does not preempt Plaintiffs' state statutory and unjust enrichment claims. Moreover, to the extent that any ambiguity may exist as to this preemption question, the issue still has no bearing on the fairness of the proposed settlement.

    **I.**    **Plaintiffs' State Law Claims are Not Preempted by the FLSA**

The Sixth Circuit has recognized that federal preemption of state law can only arise in one of three ways. "First, a federal statute may expressly preempt the state law. Second, a federal law may impliedly preempt state law. Third, preemption results from an actual conflict between a federal and a state law." *Garcia v. Wyeth-Ayerst Labs*, 385 F.3d 961, 965 (6th Cir.

1

2004). Here, there is no question that categories one and two do not apply, as the FLSA does not prohibit state law causes of action and in fact specifically contemplates supplemental regulation of wages and hours by the states. 29 U.S.C. § 218(a) ("No provision of this Act . . . shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this Act or a maximum workweek lower than the maximum workweek established under this Act. . . .").[1] Accordingly, the only conceivable basis for preemption is an actual conflict between state and federal law.

While the Sixth Circuit has not specifically addressed this preemption question, it has expressly considered hybrid FLSA/state law actions, and permitted such actions to proceed. For example, in *O'Brien v. Ed Donnelly Enterprises*, 575 F.3d 567 (6th Cir. 2009), the Sixth Circuit noted that certain evidence could have created a triable issue of fact under the Ohio Prompt Pay Act claim, separate from liability under the FLSA. *Id*. at 579. The court also held that the mootness of the FLSA claim did not necessarily moot plaintiffs' supplemental state law claims. *Id*. at 580-81. It stated:

> [W]e cannot say as a matter of law how the disposition of a FLSA claim affects the common-law claims. That would require an analysis of the elements of and remedies offered by the common-law claims compared to the FLSA claim. It is possible that a federal claim could be moot while a supplemental claim based on the same conduct might not be.

*Id*. at 582. *See further*, *e.g., Swigart v. Fifth Third Bank*, 288 F.R.D. 177 (S.D. Ohio 2012) (certifying claims under both FLSA and Ohio Minimum Fair Wage Standards Act); *Noel v. Metro. Gov't of Nashville & Davidson Cty.*, 2012 U.S. Dist. LEXIS 181007, at *10 (M.D. Tenn. Dec. 21, 2012) ("As several courts in this circuit have noted, combining FLSA and

---

[1] *See also, e.g., Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262-64 (3d Cir. 2012); *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 247-48 (2d Cir. 2011); *Spoerle v. Kraft Foods Global, Inc.*, 614 F.3d 427 (7th Cir. 2010); *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409 (9th Cir. 1990); *Maccabees Mut. Life Ins. Co. v. Perez-Rosado*, 641 F.2d 45 (1st Cir. 1981); *Williams v. W. M. A. Transit Co.*, 472 F.2d 1258 (D.C. Cir. 1972), all recognizing that the FLSA only establishes a floor and does not preempt state law protections.

common law breach of contract/unjust enrichment claims often makes sense for reasons of judicial economy and efficient litigation, and does not undermine Rule 23(b)(3) predominance."); *Wade v. Werner Trucking Co.*, 2011 U.S. Dist. LEXIS 8539, at *6 (S.D. Ohio Jan. 28, 2011) ("[h]ad Congress believed that allowing a state opt-out action to go forward simultaneously with an opt-in FLSA action would undermine the statute, it would not have expressly indicated that the FLSA does not preempt state labor laws.") (citation omitted).

Moreover, the weight of authority from district courts within this circuit—including several decisions from the Middle District of Tennessee—is that the FLSA does not preempt state common law claims as a matter of law. In *Taylor v. Trojan Lumber*, No. 3:13-0012, 2013 WL 1826450 (M.D. Tenn. Apr. 30, 2013), one of the four cases referenced in this Court's Order of January 15, 2015, this Court specifically held that, "[i]n the absence of controlling authority and the presence of plenty of authority which suggests that common law unjust enrichment claims are not preempted by the FLSA, Plaintiffs have stated a plausible claim for relief, and the Motion to Dismiss will be denied." *Id.* at *2. Similarly, in *Abadeer v. Tyson Foods, Inc.*, this Court concluded that the FLSA did not preempt state law claims under the Tennessee Wage Regulations at issue in this case or plaintiffs' breach of contract claim. 2009 U.S. Dist. LEXIS 59488, *13-16 (M.D. Tenn. July 9, 2009).[2] The Western District of Tennessee reached the same conclusion in *Woodall v. DSI Renal, Inc*., surveying applicable law and noting that "[p]ermitting state-law actions to supplement FLSA claims will not thwart the accomplishment and execution of the full purposes and objectives of Congress." 2012 WL 1038626, at *6 (W.D. Tenn. Mar, 27, 2012) (internal quotations omitted).[3] *See also, e.g., Fry v. Accent Mktg. Servs*., 2013 U.S. Dist.

---

[2] In fact, this Court ultimately granted summary judgment to the *Abadeer* plaintiffs on their common law breach of contract claim. *Abadeer v. Tyson Foods, Inc.*, 2013 WL 5498190 (M.D. Tenn. Oct. 3, 2013).

[3] *Pacheco v. Boar's Head Provisions Co*., 2010 WL 1323785 (W.D. Mich. 30, 2010), the contrary case

3

LEXIS 76425, at *5-8 (E.D. Mo. May 31, 2013).

Even under the preemptive line of case law, many courts have drawn a critical distinction between state law actions which seek merely to enforce the FLSA through an alternate mechanism and those premised on independent violations of state law. *See, e.g.*, *Woodall*, 2012 WL 1038626, at *5 ("[Plaintiff] has pled independent claims for unjust enrichment and breach of contract that will rise or fall on [their] own merits, independent of her FLSA claims.") (internal quotations omitted); s*ee also Carter v. Jackson-Madison County Hospital District*, 2011 U.S. Dist. LEXIS 35163, at *31 (W.D. Tenn. Mar. 31, 2011) ("The flaw in the Defendant's argument is that Plaintiff's common law claim is not based on a finding that it violated the FLSA."). Accordingly, even absent the settlement context, a hybrid FLSA/state law action would be appropriate. Plaintiffs do not seek to use state law to enforce substantive FLSA rights but to invoke this Court's supplemental jurisdiction to enforce independent rights existing under state law. Plaintiffs' statutory cause of action under Tenn. Code Ann. § 50-2-101(b) is based on failing to accurately inform employees of what their wages would be – including for hours worked beyond the Company's designated 45-hour workweek. The unjust enrichment claim is similarly premised on the failure to provide for any wages at all for certain hours worked. Accepting the benefit of work performed without compensation is a classic unjust enrichment/*quantum meruit* claim.

**II.     The Preemption Issue in this Case Has No Bearing on whether the Proposed Settlement is Fair and Reasonable.**

Even if this Court concludes, after reviewing the analysis above, that there is an open question as to whether Plaintiffs' state law claims are preempted, that question should have no bearing on the fairness of the proposed settlement.

---

cited in *Woodall* and in the Court's Order does not actually revolve on federal preemption but upon an interpretation of applicable state law.

4

Under Federal Rule of Civil Procedure 23(e)(1), courts must review any proposed settlement that will bind class members to ensure that the settlement is "fair, reasonable, and adequate." In this context, the Sixth Circuit has emphasized that:

> Our task is not to decide whether one side is right or even whether one side has the better of these arguments. Otherwise, we would be compelled to defeat the purpose of a settlement in order to approve a settlement. The question rather is whether the parties are using settlement to resolve a legitimate legal and factual disagreement.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007). It is axiomatic that plaintiffs may settle even questionable claims with a limited prospect for success. As part of any settlement, defendants typically seek a release of potentially-related claims arising out of the same broad factual predicate.

Here, under the parties' settlement, Rule-23 Only Class Members do not waive, release, or otherwise forfeit their FLSA rights – as indeed they could not under established law. Accordingly, the settlement – as preliminarily approved by the Court – provides for a 2:1 ratio for apportionment of benefits between FLSA Opt-in Plaintiffs and Rule 23-Only Class Members. After being fully informed of the terms of the settlement, no class members have opted out or objected.

----

Accordingly, Plaintiffs request that the Final Fairness Hearing proceed as originally scheduled on Friday January 17. Plaintiffs' Counsel has already made arrangements to travel to the conference. Further, the Notice informed the class members that the Hearing would take place on January 17 and at least one of the Named Plaintiffs plans on attending.

In the alternative, Plaintiffs will submit full briefing on the issues identified by the Court in accordance with the timeline set forth in its Order.

5

Respectfully submitted,

Dated: January 15, 2014

                        /s/ Jeremy Heisler_____
Jeremy Heisler*
Andrew Melzer*
**SANFORD HEISLER, LLP**
1350 Ave of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
jheisler@sanfordheisler.com
amelzer@sanfordheisler.com

David Sanford*
Grant Morris*
**SANFORD HEISLER, LLP**
1666 Connecticut Ave, NW, Suite 300
Washington, DC 200009
Telephone: (202) 499-5201
Facsimile: (202) 499-5199
dsanford@sanfordheisler.com
gmorris@sanfordheisler.com

*Admitted Pro Hac Vice*

*Lead Counsel for Plaintiffs and the Proposed Collective Action Class*

George E. Barrett
Douglas S. Johnston, Jr.
David W. Garrison
Scott P. Tift
**BARRETT JOHNSTON, LLC**
217 Second Ave North
Nashville, TN 37201
Telephone: (615)244-2202
Facsimile: (615)252-3798
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com
dgarrison@barrettjohnston.com
stift@barrettjohnston.com

*Co-Counsel for Plaintiffs and the Proposed Collective Action Class*

6

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the following counsel of record via the court's ECF filing system, on this the 15th day of January, 2013:

Randall Fishman (#7097)
C. Barry Ward (#8447)
Richard S. Townley (#28164)
BALLIN, BALLIN & FISHMAN, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103-2357

Kenneth Ray Jones, Jr. (BPR #7278)
William B. Hawkins, III (BPR #20117)
JONES HAWKINS & FARMER, PLC
150 Fourth Avenue North, Suite 1820
Nashville, TN 37219

*Attorneys for Defendants*

                                                     /s/ Jeremy Heisler
                                                     Jeremy Heisler
                                                     SANFORD HEISLER, LLP